1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                            * * *
                                             )
9   UNITED STATES OF AMERICA,                )
                                             )
10          Plaintiff,                        )          3:13-CV-00101-LRH-VPC
                                             )
11   v.                                       )
                                             )          ORDER
12   $60,000.00 IN UNITED STATES              )
     CURRENCY,                                )
13                                            )
            Defendant.                        )
14   _____        )

15          This is a civil forfeiture action. Before the court is plaintiff United States of America's

16   Motion for Default Judgment and Forfeiture (#9). There has been no response.

17          The government's Complaint in Forfeiture (#1) alleges that on September 24, 2012,

18   Gregory Thomas Gibbar was traveling by train from St. Louis, Missouri to Emeryville, California.

19   Two Reno Police Department detectives had been notified of Gibbar's itinerary (though it is

20   unclear how), and they confronted Gibbar aboard the train when it stopped in Reno, Nevada. Upon

21   questioning by the detectives, Gibbar initially denied having large sums of currency in his

22   possession. However, Gibbar consented to a search of his bags, and the detectives discovered

23   $60,000 in vacuum-sealed currency.

24          Gibbar then identified the currency as his, claiming that he had earned it working various

25   jobs. He stated that he intended to buy a house in Emeryville with the money, but later calls to the

26   realtor he had identified did not verify this story. The detectives seized the currency pursuant to 21

1   U.S.C. § 881(a)(6), believing the currency to have been furnished in exchange for controlled

2   substances. Shortly after the seizure, a drug-detection dog alerted to the currency.

3         On December 5, 2012, Gibbar filed an administrative claim with the Drug Enforcement

4   Agency ("DEA") for the seized currency. The government filed its Complaint on March 4, 2013,

5   and the court issued a warrant for the arrest of the currency under Supplemental Rule G of the

6   Federal Rules of Civil Procedure on March 14 (#3). The government served notice of its Complaint

7   and the arrest warrant on Gibbar and published the notice on the government forfeiture site,

8   www.forfeiture.gov.

9         Gibbar—and anyone else with an interest in the seized currency—failed to timely file a

10  claim or answer pursuant to Supplemental Rule G. On May 15, 2013, the government moved for

11  entry of default (#7), which the clerk of court granted the next day. The government now seeks

12  entry of default judgment.

13        Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a court may enter default

14  judgment where the clerk has previously entered default based on the defendant's (or, as here,

15  claimaint's) failure to defend. Following entry of default, the factual allegations in the complaint

16  are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The determination

17  of whether to grant default judgment lies within the court's discretion, though the court may

18  consider factors such as

19       (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the
20       possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure
21       favoring decisions on the merits.

22  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

23        Here, the *Eitel* factors counsel in favor of granting default judgment. The government

24  provided adequate service and notice to the parties known to have an interest in the currency, there

25  is no evidence of excusable neglect justifying the failure to respond, and the amount of money is

26  not so great as to preclude default judgment. *See, e.g.*, *United States v. Approximately $72,000 in*

1  *U.S. Currency*, 2009 WL 506866, at \*4 (N.D. Cal. Feb. 27, 2009) (holding that the sum of $72,000

2  was not large enough to "warrant a denial of the motion" for default judgment). Furthermore, the

3  government has complied with the procedural requirements for forfeiture under Supplemental Rule

4  G, and the allegations in the Complaint are sufficient to warrant forfeiture of the currency under 21

5  U.S.C. § 881(a)(6) as "moneys . . . furnished or intended to be furnished by any person in exchange

6  for a controlled substance [or as] proceeds traceable to such an exchange." Therefore, default

7  judgment is appropriate.

8

9        IT IS THEREFORE ORDERED that the United States of America's Motion for Default

10  Judgment of Forfeiture (#9) is GRANTED. The court hereby certifies pursuant to 28 U.S.C.

11  § 2465(a)(2) that there was reasonable cause for the seizure, arrest, and forfeiture of the defendant

12  property.

13        IT IS SO ORDERED.

14        DATED this 22nd day of July, 2013.

15

16                                                    _____

17                                                    LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

3